[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This dispute arises out of the purchase and sale of a Kenworth Tractor and its subsequent repossession by the defendant Savage, the seller. The plaintiff buyer in a four count complaint has alleged a wrongful repossession, CUTPA violations, and unjust enrichment — as to the defendant Savage. The fourth count is against the defendant Mayflower-Kenworth for the "negligent surrender of the vehicle to the defendant Savage."
There is no dispute over the original transaction on October 26, 1989 whereby the plaintiff purchased the Kenworth tractor for $26,000.00 and agreed to pay the seller, the defendant Savage, $710.50 per month for 48 months. The sole document evidencing this transaction is set forth below:
October 26, 1989
 I, Donald Wickham, agree to pay Edward F. Savage of 33 Old Quarry Rd., Woodbury, CT 06525 the sum of $26,000.00 (twenty six thousand) at 14% interest in 48 monthly installments of $710.50 each.
 Signed, /s/ Donald Wickham
 Appeared before me on this date the 26th of October 1989, Donald Wickham, at East Hampton, CT.
 Christina Shaw Notary Public My commission expires: 3.31 1992
SELLER: /s/ Edward J. Savage 10/26/89
In addition, the Seller listed himself as the first lienholder on the Certificate of title. CT Page 10220
When the Buyer failed to make the payments as scheduled, the Seller repossessed it, removing it from the yard of the defendant Mayflower where it had been left for repairs.
 I
To support his claim for monetary damages, the plaintiff claims that subsequent to the execution of the sales contract there was an oral agreement between the parties which modified the sales contract recited above. This oral agreement purportedly dealt with a credit to the Buyer for repairs he had to do on the vehicle and a suspension of the monthly payment schedule when the vehicle was not "on the road." The defendant Seller denies any such oral agreement.
In view of the plaintiff's rather inexact description of the oral agreement, the defendant's denial of its existence, and the lack of detail as to when and how this modification would be implemented, the court is not inclined to find the existence of such an oral modification.
However, there are also legal defects involved with this alleged modification. Though the parties have treated it as a parole evidence issue, this is not such a case. The plaintiff testified and argues in his brief that "subsequent to the execution of the agreement, Plaintiff and Savage orally modified the repayment was not prior nor contemporaneous to the original contract, situations which could implicate the parole evidence rule. Instead, this oral modification involves the statute of frauds, specifically,42a-2-201 which reads as follows:
 "Sec. 42a-2-201. Formal requirements; statute of frauds. (1) Except as otherwise provided in this section a contract for the sale of goods for the price of five hundred dollars or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent or broker. A writing is not insufficient because it omits or incorrectly states a term agreed upon but the contract is not enforceable under this paragraph beyond the quantity of goods shown in such writing." CT Page 10221
Thus, the alleged subsequent oral modification to the contract is not enforceable, even if it was found to have been created.
 II
The next issue to be resolved is whether the defendant Savage had the right to repossess the vehicle, necessarily relying on the sales agreement and the acknowledged status he had as a lien holder.
The defendant Savage relies on 42-98(a) which states that "when the retail buyer is in default in the payment of any sum due under the retail instalment contract or instalment loan contract . . . the holder of the contract may take possession thereof."
However, to qualify as either a retail instalment contract or an instalment loan contract, the instrument in question must satisfy the requirements of 42-84 or 42-87.
Section 42-84 requires that: "(a) Every retail instalment contract shall be in writing, shall contain all the agreements of the parties and shall be completed as to all essential provisions prior to the signing of the contract by the retail buyer." This section goes on to state that the contract must be captioned "Retail Instalment Contract" in at least ten-point bold type and must contain the legend "Notice To The Buyer", followed by a series of legal advisements.
The contract in this case does not meet these technical requirements and hence does not qualify as a retail instalment contract. Consequently, it cannot be enforced as such and repossession would not be an available remedy.
An instalment loan contract is defined in 42-83(3)(f) as: ". . . any agreement . . . to repay in instalments the amount loaned or advanced to the retail buyer for the purpose of paying the retail purchase price of goods and by virtue of which a security interest, as defined in 42a-1-201(37), is taken in the goods for the payment of the amount loaned or advanced. . ."
On its face, the contract in this case appears to be a promissory note of sorts and makes no reference to the tractor, nor to any security interest in it. It does not indicate that its purpose is to pay a retail purchase price. CT Page 10222
Since this is not an instalment sales contract and no security interest was created, re-possession was again not an available remedy to the Seller.
 III
While the contract in question is neither a retail instalment contract nor an instalment loan contract, it does constitute a contract for the sale of goods. As such it is governed by the common law.
"Where there is a contract to sell goods, and no credit is stipulated for, the vendor has a lien; so that if the goods be actually delivered to the vendee, and, upon a demand then made, he refuses to pay, the property is not changed, and the vendor may lawfully take the goods as his own, because the delivery was conditional." Revision of Swift's Digest. Volume 1, p. 376-77.
The right of a holder of a conditional sales contract to exercise self-help repossession had general recognition at common law. Shirley v. State National Bank, 493 F.2d 739, 742 (2nd Cir. 1974).
There is no dispute but that under the common law of Connecticut, the right of peaceful repossession without a hearing was recognized. Sager v. Schmidt, 98 Conn. 736 (1923); Compton v. Beach, 62 Conn. 25 (1892).
In this case, the defendant-Seller had the right to repossess the tractor if payments were not made pursuant to the agreement. The plaintiff relies on the alleged oral modification to exempt him from the monthly payment schedule. Since the court denied his request, Section I supra, he was in default under the terms of the agreement and the Seller had a common law right of re-possession.
 IV
The claim against the defendant Mayflower Kenworth, Inc. is set forth in an Amended Complaint, encompassing the fourth count of the original complaint.
The plaintiff alleges that this defendant "negligently allowed" the defendant Savage to remove the vehicle in dispute from its premises. In effect, this defendant "allowed" the re-possession. CT Page 10223
Since the court has determined that the defendant Savage was entitled to re-possess the vehicle, it necessarily follows that whatever Mayflower did was immaterial and not actionable.
However, this claim must fail regardless of the legality of the re-possession. The plaintiff called the defendant Savage as a witness and had him relate, the steps he took to obtain the vehicle. He stated that he saw his vehicle parked on the Mayflower premises, had a duplicate set of keys, and proceeded to use those keys to enter the vehicle and drive it away. Before doing so, he spoke to the manager of Mayflower and showed him the certificate of title. This document listed him as the holder of a lien on the vehicle. Under such circumstances, the defendant Mayflower was under no duty to the plaintiff. In fact, any interference in the re-taking process may have subjected him to arrest or civil liability.
Accordingly, judgment may enter for the defendant Mayflower Kenworth, Inc. on the fourth count.
CONCLUSION
Having found the defendant Seller had the right to re-possess, the plaintiff's various damage claims must fail. This includes his CUTPA claim which also suffers from the defect that he neither pleaded nor proved that the Seller's alleged acts were performed in the course of a trade or business. Quimby v. Kimberly Clark, 28 Conn. App. 660 (1992). Actually, this Seller was not engaged in the sale of equipment and this was a one time transaction for him.
In summary, judgment may enter for the defendant Savage on Counts 1, 2 and 3 for the defendant Mayflower Kenworth on Count 4.
Anthony V. DeMayo, Judge of the Superior Court